Filed 5/23/23; Certified for Publication 6/15/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| RATILAL SHAH,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DEPARTMENT OF HUMAN RESOURCES et al.,<br><br>    Defendants and Respondents. | C094482<br><br>(Super. Ct. No. 34-2019-00268813-CU-FR-GDS) |

Ratilal Shah sued the California Department of Transportation and the State Merit Award Board (Board), alleging the Board wrongfully denied him cash awards for suggestions that saved the state money. The California Department of Human Resources (CalHR), acting on behalf of the Board,[1] filed a demurrer, claiming the action is barred

---

[1] The Board functions under the umbrella of CalHR. (Gov. Code, § 19823, subd. (d).) Although CalHR maintains that the Board cannot be named as a defendant, we need not resolve that issue because CalHR is defending the action on behalf of the Board and Shah makes no argument that any distinction between the Board and CalHR is material to the outcome of the appeal.

1

by the limitations period in Government Code section 19815.8.[2]  The trial court agreed and dismissed the complaint as to the Board.

Shah now contends the trial court applied the wrong statute of limitations and that, applying the proper statute of limitations, the action is not time-barred.

Finding no error, we will affirm the judgment.

BACKGROUND

The sole issue on appeal is whether the trial court properly sustained CalHR's demurrer based on the statute of limitations.  We provide facts as reflected in Shah's complaint.[3]

The State's Employee Suggestion Program provided state employees cash awards for suggestions that saved the state money.  The program awarded to an employee 20 percent of the cost savings, up to a maximum of $50,000 per suggestion.

Shah, an employee of the Department of Transportation, made three cost-saving suggestions through the Employee Suggestion Program.  The suggestions saved the state millions of dollars and the state recommended three awards of $50,000 for each suggestion.  However, the awards were later reevaluated and denied.  Shah appealed to the Board.

_____

[2]  Undesignated statutory references are to the Government Code.

[3]  CalHR's request for judicial notice of a minute order (exhibit A) filed in the trial court after the notice of appeal was filed in this case is denied because the order is not relevant to a material issue on appeal.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)  CalHR's request for judicial notice of the legislative history (enactment and amendment dates) of statutes relevant to this appeal (exhibits B & C) is granted.  (Evid. Code, § 452, subd. (c).)

On October 24, 2018, the Board issued its final decision denying Shah's appeal and upholding the denial of the awards. Shah filed a government claim on April 19, 2019, but the state never acted on it.

On November 13, 2019, Shah initiated this lawsuit, asserting causes of action for breach of contract, unjust enrichment, and misappropriation of trade secrets. CalHR demurred to the complaint, asserting, among other things, that the action is barred under the one-year limitation period set forth in section 19815.8, relating to actions against CalHR. The trial court sustained CalHR's demurrer, disagreeing with Shah's argument that the applicable limitation period is two years under section 945.6, subdivision (a)(2), relating to claims against the government. The trial court dismissed the complaint as to the Board.

## DISCUSSION

Section 19815.8, subdivision (a) provides that an action based on any law administered by CalHR must be commenced within one year after the cause of action first arose. Whereas section 945.6, part of the Government Claims Act, requires a suit to be filed against a public entity within two years after the action accrued if the plaintiff was required to file a government claim and no written notice of a decision was given. (See *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 734 (*City of Stockton*) [referring to the claims statutes as the "Government Claims Act," instead of the "Tort Claims Act"].)

There is no dispute as to the following:

1. That to the extent Shah has causes of action, they first arose on October 24, 2018, when the Board denied Shah's appeal of the decision rejecting his claims.

2. Shah filed this action about 13 months later on November 13, 2019.

3. This action is based on a law administered by CalHR. (See Cal. Code Regs., tit. 2, §§ 599.604, 599.655, subd. (e).)

3

4. Shah was required to file a government claim under section 911.2 of the Government Claims Act.

On this record, we must determine which limitations period controls, applying canons of statutory interpretation.

It is settled that a specific statute of limitations takes precedence over a more general statute of limitations. "[W]hen a general and [a] particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it." (Code Civ. Proc., § 1859.) Here, it appears section 945.6 is the more general provision. It is part of the Government Claims Act which, with just a few exceptions, requires presentation of claims, including for breach of contract, against a public entity before the claimant may file suit. The Act applies broadly to include most claims against a public entity in California. (§§ 905, 945.4; *City of Stockton, supra*, 42 Cal.4th at p. 738.) On the other hand, section 19815.8 applies only to claims related to a law administered by CalHR. (§ 19815.8, subd. (a).) Because it applies only to a specific and smaller subset of claims against public entities, section 19815.8 is the more specific statute of limitations and takes precedence over section 945.6 of the Government Claims Act.

Another canon of statutory interpretation is that a shorter limitations period takes precedence over a longer one unless the statutes can be harmonized. (*Royalty Carpet Mills, Inc. v. City of Irvine* (2005) 125 Cal.App.4th 1110, 1114.) Neither party suggests the two statutes can be harmonized; therefore, section 19815.8, being the shorter limitations period, takes precedence.

Shah argues the shorter limitations period is actually the six-month claims notice period required by section 911.2, subdivision (a). The argument is unconvincing because section 911.2, subdivision (a) applies only to the filing of a government claim under the Government Claims Act, not to the initiation of a court action. Shah asserts that if he is required to file a claim under the Government Claims Act, he should reap the benefit of

4

the two-year limitations period in the Act. He offers no authority for this proposition other than the language of the Government Claims Act, but the Act itself does not resolve which of two facially applicable limitations periods should control. We know of no authority prioritizing the limitations periods in the Government Claims Act over other limitations periods. Rather, such a determination might render meaningless section 19815.8 because any claim related to a law administered by CalHR would arguably also be subject to the Government Claims Act. Shah suggests no circumstance when that would not be true. We decline to interpret the statutes in a manner that renders one meaningless. (See *Aleman v. Airtouch Cellular* (2012) 209 Cal.App.4th 556, 568.)

The trial court was correct in concluding that the one-year limitations period in section 19815.8 bars Shah's action.

DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

      /S/       

MAURO, J.

We concur:

   /S/       

HULL, Acting P. J.

   /S/       

RENNER, J.

Filed 6/15/23

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| RATILAL SHAH,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF HUMAN RESOURCES et al.,<br><br>Defendants and Respondents. | C094482<br><br>(Super. Ct. No. 34-2019-00268813-CU-FR-GDS)<br><br>ORDER GRANTING REQUEST TO PUBLISH |

APPEAL from a judgment of the Superior Court of Sacramento County, Shama Mesiwala, Judge. Affirmed.

Knypstra & Zermeno, Bradley P. Knypstra and Maggie R. Simoneaux-Cuaso for Plaintiff and Appellant.

Frolan R. Aguiling, Sandra L. Lusich, Stephanie L. Flynton, Elizabeth P. Krehe, and Christopher E. Thomas for Defendants and Respondents.

1

THE COURT:

The opinion in the above-entitled matter filed on May 23, 2023, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

FOR THE COURT:


_____/S/_____
HULL, Acting P. J.


_____/S/_____
MAURO, J.


_____/S/_____
RENNER, J.

2